```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | |
| vs. | | Cv. No. 05-2068-Ma/P |
|  | | Cr. No. 92-20184-02-B(Tu) |
| MICHAEL RAY BENSON, | | |
| Defendant. | | |

```
         ORDER CONSTRUING FILING AS MOTION PURSUANT TO
                     28 U.S.C. § 2244(b)(3)
                              AND
      ORDER TRANSFERRING MOTION PURSUANT TO 28 U.S.C. § 2244(b)(3)
         TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
```

Defendant Michael Ray Benson, Bureau of Prisons inmate registration number 11370-076, who is currently an inmate at the Federal Correctional Institution-Medium in Forrest City, Arkansas, filed a pro se motion pursuant to 28 U.S.C. § 2255 on January 26, 2005.

On June 9, 1992, a federal grand jury returned a single-count indictment charging Benson and a codefendant, aided and abetted by each other, with possessing approximately 101 grams of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The case proceeded to trial on August 10, 1992 and, on August 11, 1992, the jury returned a guilty verdict. District Judge Jerome Turner conducted a sentencing hearing on October 30, 1992, at which time Benson was sentenced as

a career offender to two hundred ninety-five (295) months imprisonment, to be followed by a six-year period of supervised release. Judgment was entered on December 28, 1992. The United States Court of Appeals for the Sixth Circuit affirmed the defendant's conviction and sentence. United States v. Benson, No. 93-5493, 1994 WL 188504 (6th Cir. May 12, 1994), cert. denied, 513 U.S. 1060 (1994).

Benson subsequently filed a motion seeking a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2), on the basis of Amendment 506 to the United States Sentencing Guidelines. Judge Turner denied relief in an order issued on November 22, 1995, holding that Amendment 506 exceeded the sentencing commission's statutory authority and was, therefore, invalid. United States v. Benson, 917 F. Supp. 543 (W.D. Tenn. 1995). Benson did not appeal.

Benson filed a motion pursuant to 28 U.S.C. § 2255 on March 31, 1997, and Judge Turner denied the motion without a hearing, and denied a certificate of appealability, on May 27, 1997. Benson v. United States, No. 97-2267-Tu/V (W.D. Tenn.). Judgment was entered on June 6, 1997. Benson filed a notice of appeal, and the Sixth Circuit denied a certificate of appealability. Benson v. United States, No. 97-5792 (6th Cir. Dec. 9, 1997).

On August 7, 2001, Benson filed a petition pursuant to 28 U.S.C. § 2241, despite the fact that he was not incarcerated in

2

this district and, therefore, there was no personal jurisdiction over his custodian. District Judge Bernice B. Donald issued an order on September 19, 2001 denying the petition and certifying that an appeal would not be taken in good faith. <u>Benson v. Warden, FCI-Manchester</u>, No. 01-2627-D/A (W.D. Tenn.). Benson did not appeal.

On July 29, 2005, Benson filed a motion pursuant to Fed. R. Civ. P. 60(b)(6) in his criminal case that challenged his sentence as a career offender. That motion is pending.

Although his motion is not clear, it appears that this second § 2255 motion challenges Benson's sentence as a career offender in light of the Supreme Court's decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 125 S. Ct. 758 (2005).

This motion is a successive § 2255 motion that cannot be filed in this district without obtaining permission from the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A); <u>see also</u> <u>United States v. Bender</u>, 96 Fed. Appx. 344 (6th Cir. Apr. 26, 2004); <u>McQueen v. Scroggy</u>, 99 F.3d 1302, 1334-35 (6th Cir. 1996).[1] Under <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court

---

[1] It does not appear that Benson has filed a copy of this motion with the Sixth Circuit.

without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631.

Benson's latest motion cannot be filed in this district without permission from the Court of Appeals. Therefore, under Sims, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby ORDERED that the Clerk transfer this motion to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 30th day of January, 2006.

                                        s/ SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE